1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

BAYLEY CONSTRUCTION, a Washington
General Partnership

9

Plaintiff,

10

v.

11

GREAT AMERICAN E&S INSURANCE
COMPANY,

12

13

Defendant.

NO.

COMPLAINT FOR
DECLARATORY RELIEF AND
MONETARY DAMAGES

14

15    COMES NOW Plaintiff Bayley Construction ("Bayley"), and for its Complaint, states

16  and alleges against Great American E&S Insurance Company ("Great American") as

17  follows:

18                                  **I.    PARTIES**

19        1.      Bayley is a Washington General Partnership, duly organized under the laws of

20  the state of Washington.  Bayley's home office is located on Mercer Island, and Bayley is a

21  citizen of the state of Washington. Great American is an insurance company which is not a

22  citizen of the state of Washington, but which does business in the state, and more specifically

23  in King County.

24

COMPLAINT - 1

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## II.   VENUE

2.     Venue is proper in King County, as the defendant "resides" in King County under applicable law, having transacted business here, having delivered the policy here, and having delivered the subject declination of coverage here.

## III.   APPLICABLE LAW

3.     The law applicable to all issues, claims and defenses in this case is that of Washington.  RCW 48.01.020 and 060 apply to the policy, and to Great American's handling and investigation of the claim and to its unreasonable denial of coverage.

## IV.   THE POLICY

4.     Great American issued a policy to Bayley, providing coverage for loss caused by errors or omissions in the rendering of professional services, including construction management services.  The policy was issued in Washington, resulting in the incorporation of Washington law into the contract of insurance itself.  Under Washington law, insuring terms are to be construed broadly, and limitations narrowly.  Undefined terms are to be given their ordinary or popular definition.

## V.   THE CLAIM

5.     On or about October 29, 2012, Bayley made claim to Great American for policy benefits.   This triggered Great American's obligation under Washington law (including but not limited to WAC 284-30-330(4), 284-30-370, and *Tank v. State Farm)* to conduct an investigation into Bayley's claim, and/or into the cause and extent of the injury or loss claimed by the party making the underlying claim against Bayley.

…

…

COMPLAINT - 2

## VI.    THE DUTY OF DEFENSE

6.      Under Washington law, Great American was obligated to provide a defense to the underlying claims until it was able to rule out the potential of coverage.  It was obligated to consider the four corners of the claim, and was thus in a position to either rule coverage in or out within 30 days specified in WAC 284-30-370.  Despite being unable to rule coverage out within 30 days, Great American breached its defense obligation by failing to extend defense benefits as of November 19, 2012.  Further, Great American was obligated to provide a defense unless its policy language clearly and unambiguously left no potential for coverage.  In point of actual fact, the language upon which Great American relied has not been judicially interpreted, and thus as of the filing of this complaint, it cannot rule out the potential that its policy will be held to provide coverage for the claims Bayley tendered to it.  Nevertheless, in violation of its responsibilities under *American Best Food v. ALEA*, Great American is deliberately refusing to extend any of the defense benefits otherwise owed under its policy.

## VII.    BAD FAITH FAILURE TO INVESTIGATE

7.      Great American was precluded under Washington law from denying Bayley's claim without conducting a reasonable investigation.  Great American deliberately failed to investigate predicate facts necessary for reaching a decision on the applicability of the "known loss" and **Responsible Persons** provision of the policy, but included those grounds in its declination letter.  These provisions are legally insufficient under *American Best Foods* to justify Great American's refusal to provide defense benefits, as by its own admission, Great American was unable to rule out the potential for coverage on the ground of these provisions as of the issuance of its denial of Bayley's claim.  Additionally, Great American

COMPLAINT - 3

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   failed to investigate the settlement value of the claims against Bayley, failed to communicate

2   that investigation to Bayley, failed to evaluate reasonable settlement value, and failed to take

3   efforts to settle the claims against Bayley.

4                                    **VIII.   DAMAGES**

5          8.     Bayley has been damaged as a proximate result of Great American's breach of

6   contract, negligence, breach of duty of good faith dealing, breach of Washington's Consumer

7   Protection Act, and breach of enhanced obligations of good faith dealing in a reservation of

8   rights case.  Contemporaneously with the filing of this complaint, Bayley is serving notice

9   under section 8 of Washington's Insurance Fair Conduct Act, and thus reserves the right to

10  amend this complaint to assert a cause of action under IFCA in the event Great American

11  declines to provide the remedy requested in that notice.

12                          **IX.   CLAIM FOR DECLARATORY RELIEF**

13         9.     There is a clear and present dispute that exists between Bayley and Great

14  American concerning statutory and contractual obligations between and among the two.

15  Bayley seeks declaratory relief resolving issues concerning the respective rights and

16  obligations of Bayley and Great American respectively.

17         WHEREFORE, Plaintiff prays for relief as follows:

18         1.     For monetary damages in an amount exceeding $75,000 exclusive of interest

19  or costs;

20         2.     For attorneys' fees and other costs pursuant to *Olympic Steamship v.*

21  *Centennial, McGreevy v. Oregon Mutual*, and other applicable law;

22         3.     For prejudgment interest;

23         4.     For treble damages as allowed by statute; and

24

COMPLAINT - 4

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

5.      For such other and further relief as the court may deem just and equitable.

DATED this 19th day of December, 2012.

ASHBAUGH BEAL

By _____

Richard H. Skalbania, WSBA #17316
rskalbania@lawasresults.com
Tristan N. Swanson, WSBA #41934
tswanson@lawasresults.com
Attorneys for Plaintiff

COMPLAINT - 5

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

# CONFIRMATION RECEIPT

Case Number:              12-2-40077-6 SEA

Case Title:               BAYLEY CONSTRUCTION  vs GREAT AMERICAN E&S INSURANCE
                          COMPANY

Submitted By:             Richard Skalbania

Bar Number:               17316

User ID:                  rskalbania

Submitted Date/Time:      12/19/2012 1:07:13 PM

Received Date/Time:       12/19/2012 1:07:13 PM

Payment Reference:        3579611328

Total Cost:               $242.49


## DOCUMENTS

Document Type:  COMPLAINT

File Name:      Complaint.pdf

Cost:          $0.00

---

Document Type:  ORDER SETTING CASE SCHEDULE

File Name:      schedule.pdf

Cost:          $0.00

---

Document Type:  CASE INFORMATION COVER SHEET

File Name:      cics.pdf

Cost:          $0.00

---

Document Type:  SUMMONS

File Name:      Summons (40 Days).pdf

Cost:          $0.00

---

Printed On:                    12/19/2012 1:07:35 PM