UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAYLEY CONSTRUCTION,<br><br>            Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN E&S<br>INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. C13-0114JLR<br><br>ORDER GRANTING MOTION IN LIMINE |

Before the court is Defendant Great American E&S Insurance Company's ("Great American") motion in limine to prohibit Plaintiff Bayley Construction ("Bayley") "from presenting expert testimony due to [Bayley's] failure to disclose experts by the August 22, 2013[,] deadline set forth by the [c]ourt." (Mot. (Dkt. # 28) at 1.) Having reviewed the motion, all submissions filed regarding the motion, the balance of the record, and the applicable law, and considering itself fully advised, the court GRANTS Great American's motion.

ORDER- 1

The Federal Rules of Civil Procedure provide that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). The court set the disclosure deadline for experts at August 22, 2013, per Rule 26(a)(2). (*See* 4/10/13 Order (Dkt. # 11) at 1.) Bayley did not disclose any experts by this deadline. (*See* Mot. at 2.; Hampton Decl. (Dkt. # 29) ¶ 3.) In its communications with Great American, however, "Bayley's counsel is noncommittal about Bayley's intentions regarding expert testimony." (Mot. at 2; *see also* Hampton Decl. ¶ 5.) Bayley did not respond to this motion.[1] Because Bayley failed to disclose any experts by the court's disclosure deadline and has not attempted to provide any justification for doing so, Rule 37(c)(1) prohibits Bayley from relying on experts in future proceedings in this case. Thus, the court GRANTS Great American's motion in limine (Dkt. # 28). If Bayley later wishes to rely on experts, it must request leave from the court through its own motion showing that its failure to disclose was substantially justified or harmless under Rule 37(c)(1).

//

//

//

---

[1] *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered . . . an admission that the motion has merit.").

ORDER- 2

1   Dated this 22nd day of November, 2013.

_____
JAMES L. ROBART
United States District Judge

ORDER- 3